IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TYRELL BURTON, | § | |
| | § | |
| Defendant Below, | § | No. 328, 2024 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 2402000019 (N) |
| | § | |
| Appellee. | § | |

Submitted: March 14, 2025
Decided: April 22, 2025

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## <u>ORDER</u>

After consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the Superior Court record, it appears to the Court that:

(1) Law enforcement officers received a tip that the appellant, Tyrell Burton, who was on probation, was selling drugs from a room in the Budget Inn Motel and had a black semi-automatic handgun. After corroborating with hotel management that Burton had rented a room at the hotel, probation officers received authorization to conduct an administrative search of Burton's room. The search occurred very late in the evening on January 31, 2024. The searching officers found a black handgun and ammunition; heroin/fentanyl, cocaine, and other drugs; two

Pyrex glass cups containing a white powdery residue; and a digital scale. Burton was taken into custody. A grand jury later indicted him for various drug- and firearm-related offenses. He was also charged with violations of probation.

(2) On May 17, 2024, Burton's counsel filed a motion to suppress the evidence obtained from the search. The State filed an opposition to the motion on June 27, 2024. On July 15, 2024, before the court resolved the motion, Burton pleaded guilty to possession of a firearm by a person prohibited as a class C felony[1] ("PFBPP") and to the violations of probation. The State agreed to dismiss the other charges in the Superior Court as well as charges that were pending against Burton in a separate case in the Court of Common Pleas.

(3) For PFBPP, the Superior Court sentenced Burton to fifteen years of imprisonment, suspended after ten years for one year of Level III probation. For the violations of probation, the court sentenced him to a total of four years of imprisonment, suspended for one year of concurrent Level III probation.

(4) On appeal, Burton's counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon a complete and careful review of the record, there are no arguably appealable issues. In his statement filed under Rule 26(c), counsel indicates that he informed Burton of the

_____

[1] *See* 11 *Del. C.* § 1448(c) (effective through Oct. 31, 2024) (providing that PFBPP is a class C felony if the person has previously been convicted of a violent felony under the circumstances set forth in Section 1448(e)(1)).

2

provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Burton of his right to supplement counsel's presentation. Burton responded with points he wanted to present for the Court's consideration, which counsel included with the Rule 26(c) brief. The State has responded to the Rule 26(c) brief and argues that the Superior Court's judgment should be affirmed.

(5) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[2] This Court must also conduct its own review of the record and determine whether "the appeal is indeed so frivolous that it may be decided without an adversary presentation."[3]

(6) Burton argues that the "administrative warrant" did not support a finding of probable cause. He attaches a copy of the document that alleged Burton to be in violation of probation (the "VOP Warrant"), not a search or arrest warrant in the new criminal case. He emphasizes that the VOP Warrant states that police charged Burton with new criminal offenses on January 31, 2024, and argues that this

---

[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[3] *Penson*, 488 U.S. at 82.

3

demonstrates that the VOP Warrant, which was issued on February 1, 2024, could not have been the basis for a proper arrest the preceding day.[4]

(7)     It is well-settled that a knowing and voluntary guilty plea waives a defendant's right to challenge any errors occurring before the entry of the plea, even those of constitutional dimensions.[5]  The record supports the conclusion that Burton knowingly, intelligently, and voluntarily pleaded guilty.  Indeed, he states in his submission to this Court that he is not seeking to withdraw his guilty plea but is only requesting "mitigating relief," such as resentencing to time served, due to the alleged impropriety in his arrest.

(8)     By knowingly, intelligently, and voluntarily pleading guilty, Burton waived the right to challenge the search or his arrest.[6]  We have reviewed the record carefully and conclude that Burton's appeal is wholly without merit and devoid of

---

[4] We note that the affidavit of probable cause in support of the application for a warrant for Burton's arrest (the "Arrest Affidavit"), which described the facts underlying the new criminal charges, is substantially more detailed than the VOP Warrant, which described the basis for the alleged VOP.  The Arrest Affidavit makes clear that the administrative search began shortly before midnight on January 31, 2024.  A magistrate issued the warrant at 2:17 a.m. on February 1, 2024. Thus, the record reflects that the events of this case unfolded over the course of a few hours on the night of January 31-February 1, 2024.

[5] *Scarborough v. State*, 2015 WL 4606519, at *3 (Del. July 30, 2015).

[6] *See Fonville v. State*, 2015 WL 5968251, at *2 (Del. Oct. 13, 2015) (holding that knowing, intelligent, and voluntary guilty plea waived right to challenge search warrant or search); *Robertson v. State*, 2008 WL 2232680, at *1 (Del. June 2, 2008) ("By entering a knowing, intelligent, and voluntary guilty plea, . . . Robertson waived any right to challenge the constitutionality of the administrative search leading to his arrest."); *Mumford v. State*, 2000 WL 431600, at *1 (Del. Apr. 6, 2000) ("To the extent Mumford is complaining about a defect in the arrest warrant or the indictment, or about any other error that occurred before the plea, a properly entered plea of guilty, such as the plea entered here, constitutes a waiver of all errors or defects occurring before the plea, except a lack of subject matter jurisdiction.").

any arguably appealable issue.  We also are satisfied that Burton's counsel has made a conscientious effort to examine the record and has properly determined that Burton could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice